IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-49,210-02





EX PARTE ROBERT MADRID SALAZAR







ON APPLICATION FOR WRIT OF HABEAS CORPUS


IN CAUSE NO. 97,424,518 FROM THE


137
TH DISTRICT COURT OF LUBBOCK COUNTY





Per Curiam. Keasler, J., would deny.


ORDER



 This is a subsequent application for writ of habeas corpus filed pursuant to Texas
Code of Criminal Procedure, Article 11.071, Section 5. Applicant asserts he is mentally
retarded and cannot be executed.

 Applicant was convicted of capital murder on March 23, 1999. We affirmed the
conviction and sentence. Salazar v. State, 38 S.W.3d 141 (Tex.Crim.App. 2001). On
October 13, 2000, applicant filed his initial application for writ of habeas corpus pursuant 




 SALAZAR -2-

to Article 11.071. We denied relief. Ex parte Salazar, No. WR-49,210-01 (Tex.Crim.App.
June 6, 2001).

 Applicant alleges that he is mentally retarded despite earlier tests which indicated that
his IQ was 102 and 87. He asserts that these scores on tests long used in the mental health
system are significantly flawed and cannot be used to accurately determine mental retardation
because of such things as the "Flynn Effect." He attacks the objective standard of one of the
elements of mental retardation approved by the Supreme Court of the United States in Atkins
v. Virginia, 122 S.Ct. 2242 (2002), as a completely subjective element, which is capable of
manipulation by mental health experts and political scientists such as James Flynn. We reject
this approach.

 This Court has established the minimum necessary to establish a prima facie mental
retardation claim which can overcome the procedural bar to subsequent applications for writ
of habeas corpus filed pursuant to Texas Code of Criminal Procedure, Article 11.071, section
5. In Ex parte Briseno, 135 S.W.3d 1 (Tex. Crim. App. 2004), this Court stated that an
applicant had to show that there was some evidence which showed that he had an IQ two
standard deviations below the norm (below 70), that he had adaptive behavioral deficits, and
that there was an onset of mental retardation before age 18. Applicant has failed to show
either that his IQ is below 70 or that there are any adaptive behavioral deficits. In failing to
make a prima facie showing of mental retardation, applicant has failed to show he is entitled 



 SALAZAR -3-

to consideration of this subsequent claim. This subsequent application is dismissed as an
abuse of the writ. The motion to stay the execution is denied.

 IT IS SO ORDERED THIS THE 9TH DAY OF MARCH, 2006.

Do Not Publish